IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WALID ABDULLAH MUHAMMAD,<br>    aka King Walid Abdullah Mahammad,<br>    aka Waliyd Muhammad,<br><br>        Petitioner,<br><br>    v.<br><br>BERNADETTE MASON, Sup't SCI Mahanoy,<br>and ATTORNEY GENERAL OF THE<br>STATE OF DELAWARE,<br><br>        Respondents. | C.A. No. 24-529-GBW |

## MEMORANDUM

### I.  INTRODUCTION

Petitioner is an inmate at SCI Mahanoy in Frackville, Pennsylvania. He has filed papers titled "Habeas Corpus – Unlawful Restraint – Regicide Enormity." (D.I. 1 at 1) Petitioner does not implicitly or explicitly challenge a conviction. (*Id.*) Instead, Petitioner asserts that two individuals – one located in Delaware and the other located in Pennsylvania – are "freemasonry accomplice[s]" who engage in "clandestine secrecy for evil and illicit unauthorized purposes." (*Id.*)

## II. DISCUSSION

A district court may entertain a petition for a writ of habeas corpus on behalf of someone in custody pursuant to the judgment of a state court only on the ground that his custody violates the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Rule 2(c) of the Rules Governing Section 2254 Cases provides that the petition must "specify all the grounds for relief" and "state the facts supporting each ground." Rule 2(c)(1), (2), 28 U.S.C. foll. § 2254. A district court has the authority to summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254; *see McFarland v. Scott*, 512 U.S. 849, 856 (1994).

The Court acknowledges its duty to liberally construe Petitioner's papers as seeking federal habeas relief under 28 U.S.C. § 2254. *See e.g. Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, Petitioner does not identify the state criminal proceeding for which he is incarcerated, and it is not clear that he is challenging a conviction entered in a Delaware state court. These deficiencies in Petitioner's pleadings provide a sufficient basis for summary dismissal.

## III. CONCLUSION

Accordingly, the Court will summarily dismiss Petitioner's § 2254 Petition. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order follows.

Dated: June 25, 2024

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE